THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT OUTLAW, Defendant-Appellant.

First District (3rd Division)   No. 77-1898

Opinion filed December 13, 1978.

Sam Adam, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Francis X. Speh, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The defendant, Robert Outlaw, was indicted for the aggravated battery and attempt murder of Vernon Brooks, a Chicago police officer. He was found guilty by a jury and sentenced to a term of 50 to 100 years. His position is that he had no connection with the crime and that those who identified him as Officer Brook's assailant were mistaken.

At issue here is whether the defendant was improperly deprived of an opportunity to present at trial several witnesses to testify that they saw

the person who shot the police officer, but were unable to identify the defendant as that person. The defendant's contention is that the trial court erred in granting the State's motion *in limine* to preclude the defendant from calling such witnesses unless they were able to testify affirmatively that defendant was not the man they saw. He argues here that the effect of granting that motion was to exclude relevant evidence and to deprive him of his due process rights, as well as his sixth amendment right to compel witnesses to testify on his behalf.

The episode in question began with an armed robbery in a shoe store at 224 South Wabash in the city of Chicago. There were several witnesses to this occurrence. Moments after the robbery, Officer Brooks, who was in his squad car approximately a block from the shoe store, heard a radio call about the armed robbery. He drove to a nearby subway entrance because he regarded this as a likely escape route. He then heard a radio call and assumed the officers were chasing the robber because the officer speaking over the radio was panting. Exiting his vehicle, Officer Brooks observed a man running around the corner who fit the general description of the robber. As the suspect neared him, Officer Brooks grabbed the man. During the ensuing scuffle, the officer was shot in the abdomen and the felon escaped. Officer Brooks testified that 3 days after the incident he was shown photographs and recognized the defendant's picture.

Four days after the shooting the defendant was arrested and brought to a police station. At about midnight, with his attorney present, the defendant, along with five or six other individuals, was placed in a lineup. Eight persons who were eyewitnesses to either the robbery or the shooting viewed the lineup, but none of these individuals identified the defendant as the perpetrator of either the robbery or the shooting. Later that morning, a second lineup was held. The defendant sat on the floor, instead of standing up, because his lawyer was no longer present. In that lineup a witness identified the defendant as the person who shot Officer Brooks.

Before any witness could testify at trial, the State presented a motion *in limine* to exclude reference to or evidence about the armed robbery at the shoe store which was allowed. This motion thus precluded the testimony of persons who were present at the shoe store during the robbery and who would testify that they were not able to say that the defendant was the robber.

At trial, Officer Brooks identified the defendant as the person who shot him. The officer testified that he observed nothing unusual about the defendant's face other than that he had seen him in gun court about 2 weeks before the shooting. Another officer also testified that the defendant had been in gun court 15 days prior to the shooting.

The State called four other occurrence witnesses. Two of them

identified the defendant as Officer Brooks' assailant. The third witness testified that the defendant appeared to be the man who shot the officer, but admitted he could not be 100 percent sure of his identification. This witness was one of the eight witnesses who viewed the defendant at the original lineup, but he did not identify the defendant then. The fourth occurrence witness observed the shooting from her seat on a stopped bus while she was 20 to 30 feet from the place where it took place. She said that because of her seat on the bus she was above anyone between her and the scene, but she was not asked whether she could identify the defendant and she did not testify that the defendant shot Officer Brooks.

At the close of the State's case the prosecutor expressed concern that several witnesses whom the defendant had subpoenaed were going to testify they were unable to identify the defendant as the person who shot Officer Brooks. The trial judge then expanded his earlier *in limine* order by stating that any eyewitness to the shooting who was present at the original lineup and said he was unable at that time to identify the defendant would not be permitted to testify unless he was prepared to say that the defendant was not the person who shot Officer Brooks.

The defendant's counsel later again requested that the court permit him to introduce evidence that none of the eyewitnesses to the robbery, and none of the witnesses to the shooting who had attended the first lineup in which the defendant was viewed, could identify the defendant as the robber or as the officer's assailant. Without a hearing to determine what these persons' testimony would be, the court ruled that there was no probative value in their inability to identify the defendant and refused to permit these witnesses to testify. The defendant argues that by these rulings the court prevented him from presenting to the jury his defense of faulty identification by the State's witnesses.

The issue to be resolved by the jury was one of identification— whether the defendant was the man who shot Officer Brooks. This appeal calls upon this court to determine whether the testimony of those who were unable to say whether the defendant was or was not the man was relevant to the question the jury had to decide.

■■■ In *People v. Peter* (1973), 55 Ill. 2d 443, 459, 303 N.E.2d 398, the supreme court instructed us that any circumstances may be put in evidence which tend to make the proposition at issue more or less probable. (See also McCormick, Evidence §185, at 437 (2d ed. 1972).) There can be little doubt that the man who robbed the shoe store was also the person who shot Officer Brooks. At trial the assistant state's attorney, outside the presence of the jury, informed the court that "in my heart that man right there [the defendant] went into the shoe store and stuck it up." The description given by witnesses to the shoe store robbery was used by

the police to create the composite sketch of the man who shot Officer Brooks. Further, in oral argument before this court, the State conceded that it appeared that the man who shot Officer Brooks was also the shoe store robber. If the witnesses to the robbery had a clear opportunity to view the robber under good lighting conditions, their inability to identify the defendant tends to make his identification by others who witnessed the shooting a few minutes later less credible. And the inability of the witnesses to the robbery to testify that the defendant was not the robber did not render their testimony meaningless: instead, that not a single one of several eyewitnesses to the robbery was able to identify the defendant in fact detracted from the certainty of the defendant's identification by witnesses to the shooting. Thus, because of the obvious connection between the robbery and the shooting, the exclusion of the testimony of the persons who witnessed the robbery was error.

■■ Similarly, the eyewitnesses to the shooting who viewed the original lineup but were unable to identify the defendant had a special role in this case. Not only were they eyewitnesses to the shooting, but, apparently because the police thought they had a special opportunity to view the shooting, they were called to the original lineup and were unable to identify the defendant. We acknowledge that positive identification by one witness who has ample opportunity for observation may be sufficient to support a conviction. (*People v. Clarke* (1971), 50 Ill. 2d 104, 110, 227 N.E.2d 866; *People v. Perkins* (1977), 47 Ill. App. 3d 548, 554, 362 N.E.2d 109.) However, any evidence which tends to detract from the positive nature of the identification is relevant. The testimony of those who observed the shooting but were not able to say that the defendant was the man who did it, impairs the probative value of the testimony of those who said the defendant did the shooting. This is particularly so in the case of those persons, excluded by the trial judge from testifying, whose opportunity to see the shooting may have been equal to or better than those who were allowed to testify. The testimony of those who observed the shooting and were unable to identify the defendant reflects adversely on the credibility of the witnesses who made a positive identification; the testimony of the former group was, therefore, relevant and the jury should have been given the opportunity to weigh this evidence along with the testimony of the latter group.

■■ Moreover, the trial judge, notwithstanding his ruling on the motion *in limine*, did allow the defendant to call three eyewitnesses to the shooting who testified that they were unable to identify the defendant. It is not clear from the record why these three were permitted to testify regarding their inability to identify the defendant as the assailant, while other eyewitnesses to the shooting who would have testified in the same way were excluded. The basis for the distinction may have been that the three

witnesses who were called did not view the lineup. However, even this is not certain because the record does not indicate whether a police officer, who testified he was unable to identify the defendant after giving a written statement following the shooting that he could positively identify the offender if he saw the man again, viewed the lineup. In any event, once the jury was informed that there were three eyewitnesses who were unable to identify the defendant while also unable to say the defendant was not the perpetrator of the crime, the jury should not have been left with the impression that these three were the only eyewitnesses to the robbery or shooting who would testify in that manner. After hearing these three eyewitnesses testify that they were unable to identify the defendant, it was relevant for the jurors to know of the existence of several other persons who had the opportunity to view the robbery and the scuffle and who would testify the same way.

Relevant evidence which might have caused the jury to doubt the positiveness of the identification of the defendant by the State's witnesses was excluded; for that reason, the defendant's conviction must be reversed and this cause remanded for a new trial.

Reversed and remanded.

McNAMARA and JIGANTI, JJ., concur.