THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSIE THOMPSON, a/k/a Otis Williams, Defendant-Appellant.

First District (2nd Division)     No. 80-269

Opinion filed January 27, 1981.—Rehearing denied March 2, 1981.

Ralph Ruebner and Richard E. Cunningham, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Joseph J. McNerney, III, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

A jury found defendant, Jessie Thompson, also known as Otis Williams, guilty of robbery. (Ill. Rev. Stat. 1977, ch. 38, par. 18—1.) He was thereafter sentenced to a term of 4 years. On appeal defendant asks this court to consider (1) whether the trial court abused its discretion when it denied defendant's motion for a continuance to secure privately retained counsel, (2) whether the trial court erred when it limited defendant's cross-examination of a witness, and (3) whether testimony regarding defendant's absence from trial was erroneously admitted.

On August 4, 1979, defendant was arrested for the robbery of Michael Podewell. Evidence at trial indicates that Podewell, a 14-year-old, went to the Lincoln Mall in Matteson, Illinois, to see a Saturday cinema matinee. At about 2 that afternoon he left an electronic games store inside the mall and walked toward the Cinema Theater. A man, later identified as defendant, asked Podewell whether he wanted to buy some marijuana. When Podewell refused, defendant asked, "Do you want to buy a diamond watch?" After Podewell again refused, defendant persuaded the boy to proceed with him to a corner of the mall area surrounded by bushes. Once they were within the bushes defendant cupped Podewell's mouth, threw him down, sat upon him, and while making a fist with his hand above Podewell's face, demanded money. Defendant took 2 tens, a five, and 3 one-dollar bills from the boy's wallet. Defendant then ran into the mall.

Podewell quickly telephoned local police. Police detective Lawrence Miller arrived, and Podewell gave him a brief description of the robber. Miller and a patrol officer entered the mall to search for the offender. Podewell accompanied Miller. Miller noticed a subject who fit the given

description. Podewell pointed to the subject and said, "I am scared." The subject, defendant here, was in the company of another man on an escalator going up to the mall's second level. As the two disembarked the escalator, another uniformed police officer at the top of the stairs stopped them as suspects in the robbery. Miller and Podewell arrived soon thereafter. The boy identified defendant as his robber and defendant was arrested.

During an inventory search of defendant at the police station, police recovered 2 tens, a five, and 3 one-dollar bills. No other money was found in defendant's possession.

On August 20, 1979, an information charging defendant with the robbery was filed. Counsel was appointed. On September 14, defendant was present in court and the cause was continued by agreement of the parties. On September 28, the cause was again continued by agreement. On October 17, the parties agreed to and were granted another continuance. The trial date was set for November 14, 1979. On that trial date defendant requested a further continuance so he could retain private counsel. The trial court denied defendant's motion as untimely. A jury was selected on November 14, 1979, in the presence of the defendant. On November 15, defendant failed to appear in court and the cause was continued. Trial began the next day and was completed in defendant's absence.

I.

Defendant first contends the trial court abused its discretion when it denied his motion for a continuance. He argues that both Federal and State constitutions afford him the right to be represented by counsel of his own choice, that he had been incarcerated until about a month prior to trial, and that he needed additional time to retain a private defense attorney. Furthermore, he claims his motion was not dilatory and therefore the trial court's reason for the denial must be rejected. We disagree.

This court has previously addressed similar claims. In one recent case we stated general propositions of the governing law as follows:

> "A defendant's right to be assisted by counsel includes the right to be represented by counsel of his own choice. [Citations.] However, 'it is likewise true that such right may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime.' [Citation.] Determination at the point at which a defendant's right to counsel of his choice unreasonably interferes with the administration of justice necessarily depends upon the particular facts and circumstances of each case. [Citation.] Thus, the granting of a continuance to permit substitution of counsel * * * is a matter

resting within the sound judicial discretion of the trial court [citation], and the trial court's decision will not be disturbed absent an abuse of discretion." (*People v. Langdon* (1979), 73 Ill. App. 3d 881, 888, 392 N.E.2d 142.)

(See also Ill. Rev. Stat. 1979, ch. 38, pars. 114—4(e), (h).) Moreover, a conviction will not be reversed unless it appears that the refusal of additional time "in some manner embarrassed the accused in preparing his defense and prejudiced his rights." (*People v. Solomon* (1962), 24 Ill. 2d 586, 589-90, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94; see also *People v. Spurlark* (1978), 67 Ill. App. 3d 186, 203, 384 N.E.2d 767, *appeal denied* (1979), 74 Ill. 2d 589.) Our application of the above principles to the instant case compels the conclusion that the trial court did not err.

■■ Defendant's request for a continuance in order to seek out and retain private counsel was untimely. Although defendant was incarcerated pending trial for two months after his arrest, he was released from custody about a month prior to the date set for trial. From the time of his release until the date set for trial, defendant failed to secure private counsel. He waited until a week before trial to inform his public defender that he wished to retain other counsel, and the trial court was not informed of that wish until after a colloquy regarding jury selection on the trial date. Furthermore, neither defendant nor his counsel disclosed any steps taken to secure private counsel. Thus, after three continuances, albeit agreed to among the parties, the trial judge could properly conclude that its granting of defendant's motion for a continuance would unreasonably interfere with the administration of justice.[1] In addition, defendant failed to attend the trial. When this fact is considered in the light of the overwhelming evidence of guilt, it is clear defendant suffered no prejudice. Accordingly, the trial court's ruling was not an abuse of discretion. See, *e.g., People v. Friedman* (1980), 79 Ill. 2d 341, 349, 403 N.E.2d 229.

## II.

Defendant next contends he was denied his right of confrontation when on cross-examination of Detective Miller the trial court ruled testimony regarding Podewell's description of the robber was barred as inadmissible hearsay. Podewell had earlier stated during cross-examination he did not recall the description he had given the police. When defense counsel queried Miller about that description, the assistant state's

---

[1] Defendant relies upon two cases, *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116 and *People v. Willis* (1972), 6 Ill. App. 3d 980, 286 N.E.2d 72, which are inapplicable. In those cases arrangements had been made to secure counsel for the defendants, yet the trial courts proceeded to trial without defendants' retained counsel.

attorney objected. The trial court sustained the objection on the ground that defense counsel failed to establish a foundation upon which to impeach Podewell's testimony. Defendant concludes the trial court's limitation of his cross-examination denied him a fair trial because identification was a crucial trial issue.

## A.

■■ The instant case does not present the traditional scenario surrounding the admissibility of extrajudicial descriptions[2] or identifications by a complainant: the State usually attempts to introduce hearsay evidence over defendant's efforts at exclusion. Nevertheless, the rules governing admissibility of such testimony should be uniform. Hearsay testimony is "generally accepted to be testimony of an out-of-court statement offered to establish the truth of the matter asserted therein, and resting for its value upon the credibility of the out-of-court asserter." (*People v. Rogers* (1980), 81 Ill. 2d 571, 577, 411 N.E.2d 223.) Evidence falling within the scope of this definition is not, however, automatically inadmissible.

In *People v. Rogers,* our supreme court recently set forth rules governing the admissibility of extrajudicial descriptions and identifications. There, the court considered the admissibility in evidence of a police composite sketch created pursuant to a complainant's description of a robber. Complainant testified at trial regarding his description and subsequent identification of defendant. Complainant was cross-examined on that matter. A police officer then testified regarding the same description used in making a composite sketch of the offender and, in the presence of the jury, reconstructed the composite originally made. Defendant objected to admission of the sketch because it constituted hearsay. After the supreme court found composite sketches were governed by the rules applicable to admission of other extrajudicial identifying statements, it discussed the basis for excluding hearsay evidence. The court then opined such hearsay testimony may be admitted in evidence whenever the opportunity exists for cross-examination of the party whose assertions are offered to prove the truth of the fact asserted. (*People v. Rogers* (1980), 81 Ill. 2d 571, 577-78.) Thus, the court continued, where a victim, A, testifies regarding his extrajudicial description and identification of an offender, B, and is thereafter subjected to cross-examination on that matter, a third person should be:

> "[P]ermitted to testify that he heard or saw A identify B because both A and the third person would be subject to cross-examination concerning the out-of-court identification. Evidence of such out-

---

[2] We see no significant functional distinction between extrajudicial descriptions and identifications that would logically warrant application of different rules governing their admissibility under the circumstances of the instant case.

of-court identification by both A and the third person should be admissible but * * * not as substantive evidence." *People v. Rogers* (1980), 81 Ill. 2d 571, 579.

■■ Under the circumstances of the instant case it is clear defense counsel sought Miller's testimony as bearing upon Podewell's credibility. Such testimony would have constituted hearsay evidence. It would not be inadmissible, however, because the basis for excluding hearsay evidence is absent. Complainant testified regarding the description and subsequent identification of defendant. Although complainant did not recall the specifics of his description, he was subject to cross-examination on that matter. Miller, who had heard complainant's description, was equally subject to cross-examination. Any testimony elicited from Miller would have been relevant to test complainant's credibility, but such testimony would not be used as substantive evidence. While it is true, as suggested in the State's brief, that defendant should have proceeded to lay a foundation for impeachment of complainant's identification of defendant, the instant record presents sufficient facts to establish a foundation particularly in light of complainant's presence at trial, subject to further cross-examination. Accordingly, it was error to bar defendant from inquiring of Miller about complainant's description of the robber.

## B.

■■ The trial court's error was harmless. (See, *e.g., Chapman v. California* (1967), 386 U.S. 18, 24, 17 L. Ed. 2d 705, 710, 87 S. Ct. 824, 828.) This record discloses defense counsel's theory at trial was, in part, that complainant incorrectly identified defendant as the robber. Defendant adduced evidence that within an hour of his arrest another man was taken into custody relative to this offense. During closing argument defense counsel coupled that fact with complainant's failure to recall the description he gave to police. He argued there existed a reasonable doubt in complainant's identification. The jury considered that evidence and rejected it. Instead, it apparently relied upon complainant's clear and unequivocal out-of- and in-court identifications. Thus, the cases cited by defendant are inapplicable. (See generally *People v. Carter* (1979), 73 Ill. App. 3d 406, 392 N.E.2d 188 (eyewitness identifications at variance with each other and probable facts); *People v. Outlaw* (1978), 67 Ill. App. 3d 327, 384 N.E.2d 898, *appeal denied* (1979), 74 Ill. 2d 588 (eyewitnesses who had clear opportunity to view robber could not identify defendant as offender); *People v. Lewis* (1974), 18 Ill. App. 3d 281, 309 N.E.2d 784 (complainant stated he assumed defendant was offender, but never identified anyone in regard to offense).) Our review of this record indicates that identification, contrary to defendant's allegations, was

never subject to doubt.[3] Accordingly, we conclude the trial court committed error which was harmless beyond a reasonable doubt. *Chapman v. California.*

### III.

■■ Finally, defendant contends the trial court improperly permitted testimony which tended to implicate defendant in other criminal conduct. Defendant was absent during his trial, and the State adduced testimony that defendant was not then incarcerated in any of three local jails. A natural implication of such evidence is that the prosecution expected defendant to be under arrest for other criminal conduct. We think such testimony is inappropriate and that counsel was ill-advised to elicit it. The State could have easily proffered testimony that defendant was absent from his home. Argument regarding defendant's voluntary absence from trial would flow equally well from that testimony. The objectionable testimony is not, however, sufficient to create prejudicial error. (*People v. Zielinski* (1979), 77 Ill. App. 3d 157, 161-62, 395 N.E.2d 1020 (testimony of defendant's absence from local jails is permissible evidence of flight to be considered by jury in its determination of guilt).) Furthermore, the trial court's instruction to the jury to limit its consideration of the evidence to the issue of defendant's voluntary absence cured the defect, if any.

In accordance with the aforesaid reasoning defendant's conviction is affirmed.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.

---

[3] Defense counsel stated in closing argument, "In fact, when [complainant] walked up to [a man accompanying defendant], who was stopped at the same time as [defendant] was, by God, he knew who was right and involved and he told the Officers no, it was just that one, pointing out to [defendant]."