THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES ALOIAN, Defendant-Appellant.

Third District    No. 81-232

Opinion filed March 19, 1982.

Robert L. Metzler, of Pekin, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, James Aloian, was charged on two separate occasions with the offenses of driving while license suspended and speeding. Following a bench trial in the circuit court of Tazewell County, the defendant was convicted as charged and sentenced to a term of incarceration of 120 days in the Department of Correction's State Penal Farm.

Two issues are raised by the defendant on appeal: whether the trial judge properly denied the defendant's motion for a continuance to obtain counsel on the day the defendant's case was set for trial; and whether the sentence imposed upon the defendant is excessive. We affirm.

Only those facts relevant to disposition of the issues raised on appeal will be included in this opinion. The defendant was charged on October 13, 1980, with speeding and driving while license suspended. He posted a $100 bond and was scheduled to appear on October 31, 1980, to plead. The defendant failed to appear on the date scheduled for plea, and an order forfeiting his bond was entered on November 4, 1980. Notice was sent to the defendant advising him of the forfeiture order and requesting him to appear on December 4, 1980. In the meantime, the defendant had retained Hamm & Hanna, Ltd., to represent him. On November 13, 1980, a motion filed by the defendant to vacate the bond forfeiture order and bench warrant was granted, and the matter was set for December 5, 1980, for appearance and plea.

At the December 5, 1980 appearance, the matter was set for bench trial on January 9, 1981. Prior to this date, the defendant was issued yet another traffic citation on January 7, 1981, for the similar charges of speeding and driving while license suspended. On February 6, 1981, the defendant appeared and pleaded not guilty and waived his rights to jury trial. The charges stemming from the citation issued on January 7, 1981, were continued to April 3, 1981, for bench trial. In the meantime, the bench trial scheduled for January 9, 1981, for the earlier two charges was continued to February 20, 1981. On that date, the bench trial was again continued to April 3, 1981, the same day that the bench trial was set for the latter two charges. The continuance from February 20, 1981, to April 3, 1981, was granted on a motion made by the defendant. No appearance on behalf of Hamm & Hanna, Ltd., was ever filed in the cases arising from the January 7, 1981, incident.

On April 3, 1981, the date set for trial on all four charges against the defendant, Hamm & Hanna, Ltd., filed a motion to withdraw as attorneys of record for the defendant. This motion was filed only in relation to the charges arising from the incident on October 13, 1980. In its motion to withdraw, the law firm alleged, *inter alia*, that the defendant had failed to pay them the required retainer fee due with respect to their representation of him despite the fact that numerous requests were made by the law firm for payment. In granting counsel's motion to withdraw, the trial judge treated the motion as one to withdraw from all matters then pending as of April 3, 1981. The defendant then made an oral motion for a continuance in order to have additional time to obtain another attorney. The court denied the defendant's motion, noting that approximately five months had elapsed since the first charges had been filed. During that time, the defendant had not paid the required retainer fee to his retained counsel. The trial court then found that the defendant had made a constructive waiver of his right to counsel and proceeded with the bench trial.

■■ The defendant now claims that he was denied his constitutional right to be represented by counsel of his own choice by the trial judge's denial of his motion for a continuance on April 3, 1981. We disagree. Although an accused has a constitutional right to counsel which includes the right to be represented by counsel of one's own choice (*People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116), this constitutional right is not unlimited. It must be balanced against the equally desirable public need for the efficient and effective administration of criminal justice. *People v. Elder* (1979), 73 Ill. App. 3d 192, 391 N.E.2d 403.

■■ Criminal cases must be tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial. With this goal in mind, all motions for continuance must be considered in light of the diligence shown by the movant. (Ill. Rev. Stat. 1979, ch. 38, pars. 114—4(h) and 114—4(e).) Whether to grant a motion for a continuance to obtain substitute counsel is a matter left to the discretion of the trial judge. (*People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94.) Absent some showing of an abuse of the trial judge's discretion in reaching a decision on a continuance motion for the substitution of counsel, his decision will not be disturbed on appeal. *People v. Langdon* (1979), 73 Ill. App. 3d 881, 392 N.E.2d 142.

■■ In the case at bar, the defendant has failed to show any abuse of the trial judge's discretion in denying his motion for a continuance to obtain substitute counsel. The record reveals that some five months passed after the original charges were filed against the defendant in October 1980. During that time, the defendant sought counsel of his own choice, but refused to pay the original retainer fee to counsel despite numerous requests by counsel that he do so. There is no indication in the record that defendant ever asserted that he could not afford to pay counsel, nor did he ever request appointment of the public defender to represent him. Furthermore, the record reveals that the defendant obviously continued to drive without a license, since he was arrested in January for the same offenses with which he had been charged in October, which included driving without a license. It would appear that the defendant was interested in delaying the bench trial as long as possible.

We conclude that the trial judge correctly and properly weighed the public need for efficient and effective administration of justice against the defendant's fundamental right to be represented by counsel of his own choice in denying the defendant's untimely motion for a continuance in order to obtain substitute counsel. *People v. Thompson* (1981), 93 Ill. App. 3d 45, 416 N.E.2d 1105.

■■ The defendant next maintains that his 120-day term of incarceration at the State Penal Farm was unduly harsh and an abuse of the trial court's

discretion. This argument is without merit. It is obvious that the defendant continued to drive after the charges were placed against him in October 1980. In doing so, the defendant must have known that he was breaking the law by driving without a valid license. Not only did the defendant continue to drive, but he broke the law a second time within three months of the first violation. Under these circumstances, we find that the 120-day term of incarceration is not inappropriate. We will not disturb the sentence, which is the product of judicial discretion and reveals no abuse of that discretion on the part of the trial judge. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.