THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALLAN TICE, Defendant-Appellant.

Third District   No. 3—86—0118

Opinion filed December 3, 1986.

Judith Kelly, of State Appellate Defender's Office, of Ottawa, for appellant.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Allan Tice, was convicted of unlawful delivery of between 30 and 500 grams of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 705(d)), and sentenced to two years' imprisonment. He brings the instant appeal, arguing he was denied his right to counsel. We affirm.

On July 26, 1985, the defendant was charged by information with having committed unlawful delivery on June 3. On August 5 the defendant's retained counsel filed an appearance, plea of not guilty, jury demand, and speedy-trial demand. On September 6 trial was set for December 16, 1985.

On December 11, 1985, defense counsel filed a motion to withdraw and a motion for continuance. The motion to withdraw cited irreconcilable differences between the defendant and his counsel. The defendant received notice of the motions but did not appear for the December 11 hearing.

At the hearing, counsel testified that he had been unable to meet with the defendant and that the defense was not adequately prepared because of the defendant's full-time student schedule. He further testified that the defendant was scheduled to take final examinations on December 17 and 18. According to counsel, no personal problems between the defendant and counsel necessarily underlay his motion to withdraw. Rather, irreconcilable differences had arisen because counsel did not know what the defendant expected of his defense. The State argued in opposition to the motion, asserting that one week earlier the defendant had insisted he wanted to go to trial on December 16. The State also noted that the court had altered its schedule to accommodate the December 16 trial date.

The court denied both the defendant's motions. In denying the motions, it noted that the trial date had been set for three months and that the defendant's final examinations surely had been scheduled for some time. The court also noted that it perhaps would have been able to reschedule the trial if the defendant's request for a continuance had been made two or three weeks earlier. On the hearing date,

however, any continuation would necessarily have been until March or April.

On December 16, prior to the start of the defendant's trial, the court heard counsel's emergency motion to withdraw based upon the defendant's refusal to cooperate in preparation of the defense. The court found that the motion was not dilatory or filed to obtain a continuance. It further found that the conflicts between the defendant and his counsel appeared to be ones of strategy and that such conflicts could be resolved in the defendant's favor. It denied the motion. The defendant brought the instant appeal, arguing that he was denied his constitutional right to be represented by counsel of his choice.

■■ ■ While the defendant's right to his counsel of choice is a fundamental constitutional right, it may not be employed to thwart the administration of justice and must be balanced against other concerns such as the fair and prompt administration of justice. (*People v. Elder* (1979), 73 Ill. App. 3d 192, 391 N.E.2d 403.) Motions for continuance to obtain substituted counsel are considered in light of the diligence shown by the movant and are matters for the discretion of the trial court. (*People v. Aloian* (1982), 105 Ill. App. 3d 694, 434 N.E.2d 768.) We will not disturb the court's decision absent an abuse of that discretion. 105 Ill. App. 3d 694, 697, 434 N.E.2d 768.

■■ Considering the defendant's persistent demand for the December 16 trial date, the foreseeability of his claimed schedule conflicts, the defendant's own failure to cooperate with his retained counsel, and the lengthy delay which would have followed any substitution of counsel or continuance, we find no abuse of discretion. Additionally, we note that the record reveals that at trial the defendant received competent representation by his retained counsel.

Accordingly, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.