THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE E. PHELPS, Defendant-Appellant.

First District (6th Division)   No. 1—89—0576

Opinion filed April 27, 1990.—Rehearing denied June 5, 1990.

Donald Hubert & Associates, of Chicago (Donald Hubert, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Gael O'Brien, and Maria McCarthy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

After a jury trial, defendant, Willie Phelps, was found guilty of attempted murder and aggravated battery. The trial court sentenced defendant to a 10-year term of imprisonment. On appeal, defendant contends that the trial court abused its discretion in denying his motion for a continuance to obtain new counsel.

On October 21, 1987, defendant was arrested for the September 26, 1987, shooting of Robert Morris and was charged with attempted

murder and aggravated battery. On the following day, the public defender's office was appointed to represent defendant. Defendant was released on bond.

On November 12, 1987, defendant was arraigned, and on November 20, 1987, he made his first appearance before the trial court. After being represented by the public defender's office for eight months, defendant retained private counsel, who withdrew five weeks later. Defendant again was represented by the public defender's office for the next six months.

On February 7, 1989, the case was again called for trial. It had been active for 14 months and had been continued 17 times during that period of time. On February 7, the prosecutor indicated that defendant wished new counsel.

"DEFENSE COUNSEL: This is Willie Phelps, Debra Neisen Public Defender.

THE COURT: This is the matter set for trial today. Will the State be ready?

STATE'S ATTORNEY: Judge, last night I received a call from Attorney Glen Maslowski, who indicated he had talked to defendant. He was going to file an appearance on his behalf, he was for a date for Friday.

THE COURT: This case is set for trial, it is a priority case and it is set for trial today. It is one of the oldest cases on the court call, it is going ahead today.

* * *

DEFENSE COUNSEL: The other thing is, Mr. Phelps told me he wants Mr. Maslowski to represent him.

THE COURT: This case has been pending[,] Mr. Phelps[,] in the criminal division. You had an attorney that withdrew, now you have the Public Defender. It has been pending here since November of '87, it is one of the oldest cases on my call. This attorney indicates he was coming in here to represent you?

DEFENDANT: He didn't say.

STATE'S ATTORNEY: Judge, the attorney called up our office yesterday, he spoke to Mr. Eberhart. Mr. Eberhart related to me that he realized the case was up today. He told us he had been in touch with Mr. Phelps, and he was asking the case be passed until Friday at which time he would be here to file his appearance on behalf of the Defendant.

THE COURT: That is not sufficient, it is for trial today. The attorney has not contacted the Court directly and indicated that he will be ready. The Court's call is heavy, if we delay the

case we won't be able to get another date until late March or April. Let's bring in the jury then, we will proceed with the selection of the jury today."

It was indicated that the State also wanted a continuance to obtain the appearance of a witness. The trial proceeded, however, with the assistant public defender representing defendant. Defendant contends that the trial judge's refusal to grant him a continuance in order to retain counsel of his own choice requires reversal. In view of the nature of the argument, it is unnecessary to set forth the facts adduced at trial.

■ Initially, the State maintains that the issue is waived because defendant failed to include the issue in his post-trial motion. The motion referred to a due process error generally. Moreover, the issue involves a substantial right to counsel of one's choice. (*Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55.) We will, therefore, address the merits of the issue. See 107 Ill. 2d R. 615(a).

■ The right to choose one's own attorney is limited (*People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736), and that right must be balanced against the equally desirable public need for the efficient and effective administration of criminal justice. (*People v. Aloian* (1982), 105 Ill. App. 3d 694, 434 N.E.2d 768.) The right to choose one's counsel may not be used as a weapon to indefinitely thwart the administration of justice or impede the effective prosecution of crime. (*People v. Myles* (1981), 86 Ill. 2d 260, 427 N.E.2d 59.) Whether the right to counsel of choice interferes unreasonably with the administration of justice depends on the facts in each case. (*People v. Langdon* (1979), 73 Ill. App. 3d 881, 392 N.E.2d 142.) Unless defendant has shown good cause, the trial court has the discretion to deny a request for substitute counsel. (*People v. Washington* (1968), 41 Ill. 2d 16, 241 N.E.2d 425; *People v. Gornick* (1982), 107 Ill. App. 3d 505, 437 N.E.2d 892.) Moreover, the court must consider the diligence shown by the movant when evaluating a motion for a continuance. (*People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229.) Where a request for a continuance is denied, this court will not disturb that decision absent an abuse of discretion. *People v. Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229.

In *People v. Winfield* (1987), 160 Ill. App. 3d 983, 513 N.E.2d 1032, this court upheld the trial court's denial of defendant's motion for a continuance to obtain new counsel where the request was made on the day of trial, no dissatisfaction was expressed with the public defender's office during the time prior to trial, the court had already granted 10 continuances, thus causing the 4½-month delay until trial,

and defendant failed to make any showing of good cause as to why change of counsel was required.

■ Similarly, in the present case we find that the trial court acted within its discretion in denying the motion for a continuance to substitute counsel. The request was made on the day of trial. Significantly, defendant was out on bond during the 14-month period. Defendant's new counsel did not contact the court to request a continuance. Nor did he make an appearance. Neither defendant nor the assistant public defender indicated that defendant was dissatisfied with the public defender's office. In fact, defendant was represented by the public defender for almost the entire 14 months, except for a few weeks when a private attorney represented him. Thus, defendant failed to show good cause as to why a change of counsel was necessary. It was not unreasonable to infer that the request was an attempt to further delay the trial of defendant, who had been out on bond for 14 months.

Moreover, the case was one of the oldest on the trial court's docket. It had been on the court's call 17 times in a 14-month period. On two of the occasions, defendant failed to appear in court. The efficient administration of justice does not permit repeated delays by requesting new counsel on the day of trial. (See *People v. Koss* (1977), 52 Ill. App. 3d 605, 367 N.E.2d 1040.) Nor is our decision affected by the fact that the State also wished to have the matter continued.

In addition, defendant has failed to show he suffered any prejudice as a result of the court's denying the motion for a continuance to obtain new counsel. Defendant does not contend he received ineffective assistance of counsel. The record reveals that defendant received representation which met the standards of the legal community. The assistant public defender effectively cross-examined the witnesses, exposing any weaknesses in the State's case. Moreover, defense counsel was successful in having the court grant defendant's motion for a directed verdict on two of the four counts. See *Brown v. United States* (D.C. Cir. 1959), 264 F.2d 363.

■ Defendant relies on *United States v. Seale* (7th Cir. 1972), 461 F.2d 345, for the proposition that the trial judge must inquire into defendant's reasons for requesting a continuance to obtain new counsel. *Seale*, however, involved a defendant whose chosen counsel was having surgery, and the only attorneys present were merely acting as local counsel in accordance with court rule. Thereafter, the trial court denied defendant's request to proceed *pro se*. The reviewing court pointed out that at the first and second hearings on the motion for a continuance, defendant was absent because he was incarcerated in

California. Moreover, the local counsel, who had filed unauthorized appearances, were merely making a limited appearance and were engaged only in pretrial work. The court emphasized that defendant unexpectedly found himself without chosen trial counsel. (461 F.2d at 358.) The present case is clearly distinguishable.

Generally, the trial court is not required to inquire into a defendant's reasons for desiring new counsel. *People v. Washington*, 41 Ill. 2d 16, 241 N.E.2d 425 (court notes that defendant failed to state any particular need for changing counsel); *People v. Winfield*, 160 Ill. App. 3d 983, 513 N.E.2d 1032 (court notes that defendant failed to make any showing of good cause as to why the change of counsel was necessary).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.