THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM ARTHUR BROWN, a/k/a Derricke Brewer, Defendant-Appellant.

Fourth District   No. 4—88—0666

Opinion filed April 28, 1989.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On May 24, 1988, defendant William Brown, having pleaded guilty

to felony theft, was sentenced to two years' imprisonment, to run consecutively to a five-year sentence he is currently serving. He now appeals alleging the imposition of a consecutive sentence is improper. We affirm.

On August 19, 1986, defendant was convicted for the offense of burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1). While on bond, he failed to appear for his sentencing hearing on September 26, 1986, and was, therefore, sentenced *in absentia* to five years' imprisonment. On September 27, he was apprehended committing the instant offense, which involved his stealing a compact stereo worth $130. This theft was enhanced to a felony based on the burglary conviction. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(e)(1).) On March 23, 1988, defendant pleaded guilty.

At the sentencing hearing, the State argued for a three-year consecutive sentence based on defendant's criminal record and the fact the offense was committed while on bond. Defendant argued section 5—8—4(i) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(i)), which mandates consecutive sentences if the offense is committed while the defendant is free on bond, does not apply. The court disagreed and imposed a two-year consecutive sentence.

■ Initially, the State argues the consecutive sentence is justified by defendant's criminal record alone. We agree. The presentence report establishes defendant has used 17 aliases. Between the courts of Illinois, North Carolina, New York, and the Federal system, he has been sentenced to prison four times, for a total of 15 years. He also has numerous offenses for which he has spent time in county or city facilities. However, the record is clear the court did not sentence defendant on this basis. Rather, the court relied on section 5—8—4(i), and we must review the propriety of that decision.

Defendant insists this section is inapplicable to his current situation. Section 5—8—4(i) provides:

> "If a person admitted to bail following conviction of a felony commits a separate felony while free on bond, any sentence following conviction of the separate felony shall be consecutive to that of the original sentence for which the defendant was on bond." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(i).)

Defendant contends he was not free on bond at the time of the commission of the offense since he was sentenced *in absentia* and his bond forfeited the day before the offense occurred.

■ However, we do not read this section so restrictively. It is apparent the legislative intent was to punish those people who abuse the privilege of being free on bond following a felony conviction by com-

mitting another felony offense during that time. It is also apparent that the sole reason defendant was free to commit the instant offense was because he was free on bond following his burglary conviction. To hold that this section is applicable only until a defendant, who has failed to appear for his sentencing, has his bond forfeited, and is sentenced *in absentia*, tortures common sense and logic, and perverts the clear intent of the statute. Accordingly, we refuse to do so. Instead, we hold that as long as a defendant is free, based on being admitted to bail following a felony conviction, this section applies to any felony committed during that time regardless of whether the defendant is sentenced *in absentia* or the bail forfeited.

■ Defendant's second assertion is that the sentence is an improper double enhancement. He argues that the theft was made a felony due to the burglary conviction, and he is receiving a consecutive sentence due to that conviction. He relies on, by analogy, *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, and its progeny. There, the court held that an extended-term sentence is not possible where the sentencing offense is a misdemeanor enhanced to a felony by the same prior conviction which would allow the extended-term sentence.

We fail to see the relevant analogy. *Hobbs* dealt with the extended-term provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)) and based its holding on construction of that statutory language. The instant case deals with a different section which does not contain the same language. Therefore, any reliance on the language or analysis contained in *Hobbs* is misplaced.

Further, the factor which authorized the extended term in *Hobbs* was the prior conviction. Thus, the factor which elevated the misdemeanor to a felony was the same factor which resulted in the extended-term sentence. However, in the present case, the factor which mandated the consecutive sentence was the commission of a criminal offense while out on bond, not the prior burglary conviction. The factor which elevated the misdemeanor to a felony was not the same factor which resulted in the consecutive sentence. It is evident then that no double enhancement exists, and the sentence imposed is proper.

*Affirmed.*

McCULLOUGH, P.J., and GREEN, J., concur.