THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY FRY, Defendant-Appellant.

First District (3rd Division)    No. 1—87—0955

Opinion filed November 10, 1993.

Anne E. Meyer, of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and William John Healy, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Defendant, Henry Fry, was charged with robbery, burglary and theft. Following a jury trial, Fry was found guilty of robbery and burglary and sentenced to an extended term of 10 years' incarceration. Defendant appeals from his conviction as well as the sentence.

On November 8, 1986, the victim, Dorthy Keys, was in her car driving south on Laramie Avenue in the City of Chicago. After crossing the intersection of West End Avenue and Laramie Avenue, she stopped for a red light at the intersection of Laramie Avenue and Washington Street. While waiting for the traffic signal to change, Keys heard a "crashing" sound and upon turning to her right, she observed a man reaching for her purse with his arms and upper torso through the broken window. She clenched her purse and struggled with the man for 10 to 20 seconds before he overcame her and took the purse. The purse contained Keys' wallet, credit cards, checkbook and $70 cash.

The intruder fled on foot with Keys' purse in the direction of West End Avenue. Keys pursued him in her car at a following distance of 15 feet. During his flight, the offender glanced back once, allowing Keys to observe his face momentarily. The man passed a large apartment building on the corner of West End and Laramie Avenue and turned down an alley; he then passed through a gate on the alley's right side. Keys parked her car to block the gate and asked a bystander to call the police. When the police arrived 10 to 15 minutes later, Keys described the offender as 5 feet 10 inches tall, weighing 170 pounds, wearing a black leather jacket with diagonal zippers, a tan sweater and jeans. About 30 to 45 minutes later, Keys observed a man walking through the alley toward her and the police. Although he was now wearing a tan jacket, Keys identified him to the police as the offender. Chicago police officers Michael Govea and Frank DiMaria testified on behalf of the State that, although they received Keys' description of the offender, it was not included in their written report. After interviewing Keys, the officers walked around the area behind the apartment building, in the vicinity where Keys had last seen the offender. Inside the building's courtyard, the officers observed an open window which led to the building's entrance onto Laramie Avenue. While looking for the offender, Officer DiMaria recovered Keys' wallet just inside the entrance on West End Avenue, the entrance closest to the alley.

During this same time, Officer Govea interviewed Donald Jackson, a resident. Officer Govea testified that after speaking with Jackson, he went to the apartment of the "offender," whom he later learned to be defendant Fry. No one answered the door at Fry's apartment. After the officers returned to the alley, Keys identified defendant as the man who had robbed her. The officers then accompanied Fry back to his apartment, which defendant gave them permission to search. While searching for the victim's purse, the officers recovered a black leather jacket matching Keys' description. The purse and its remaining contents were not recovered. Following a jury trial, defendant was found guilty of robbery and burglary and was sentenced to an extended term of 10 years' imprisonment.

On appeal, defendant raises the following errors: (1) the admission of the victim's prior out-of-court description of the offender was consistent with her in-court identification and was improperly used to bolster Keys' testimony; (2) the trial court improperly admitted hearsay testimony referring to him as "the offender"; (3) the prosecutor's closing argument was prejudicial; and (4) the trial judge improperly compelled defendant to be a witness against himself at the sentencing hearing.

■ We initially consider whether the victim's prior out-of-court description of the offender was improperly admitted into evidence. Technically, this issue has been waived on appeal, since defense counsel neither raised a contemporaneous objection to the testimony nor cited it in its post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) However, we may still consider this issue pursuant to the doctrine of plain error. (*People v. Smith* (1985), 139 Ill. App. 3d 21, 486 N.E.2d 1347.) That is, we must conclude that this admission so prejudiced defendant that its exclusion might have altered the outcome of the verdict.

In support of its argument, defendant relies upon several cases which have held that prior out-of-court statements made by a witness which are consistent with the witness' in-court testimony are inadmissible hearsay. (See, *e.g., People v. Wheeler* (1989), 186 Ill. App. 3d 422, 542 N.E.2d 524; *People v. Smith* (1985), 139 Ill. App. 3d 21, 486 N.E.2d 1347; *People v. Emerson* (1983), 97 Ill. 2d 487, 455 N.E.2d 41.) However, defendant ignores a statutory provision of Illinois criminal procedure which states:

"Substantive Admissibility of a Prior Identification. A statement is not rendered inadmissible by the hearsay rule if (a) the declarant testifies at the trial or hearing, and (b) the declarant is subject to cross-examination concerning the statement, and (c) the statement is one of identification of a person made after perceiving him." Ill. Rev. Stat. 1985, ch. 38, par. 115—12.

Pursuant to section 115—12, the trial court properly admitted the prior identification of the defendant by Keys. Keys, the declarant, testified at trial and was subject to cross-examination. Moreover, the statement was one of prior identification after observing defendant several times. The identification was made a short time after the attack. The robbery occurred in broad daylight and Keys observed her offender at several different points: first, when he initially smashed her car window and grabbed her purse; second, when she pursued the offender into the alley, he looked back at her and also turned his face when entering the alley; finally, she observed defendant again at close range when he approached her and the police officers in the alley. These opportunities to view defendant were sufficient to establish an adequate basis for an in-court identification of defendant as the perpetrator.

Based upon the foregoing evidence, we find that the testimony of Keys regarding her prior identification of defendant was proper. Moreover, any impropriety in the admission of this testimony was harmless error, as it did not so prejudice defendant as to warrant a new trial.

■ The second trial error raised by the defendant concerns the testimony of investigating Officer Govea, who testified as to his conversation with the maintenance man at defendant's apartment building, Donald Jackson. After conversing with Jackson, Officer Govea explained that he "had gone to the apartment of the offender and knocked on his rear door." Defendant contends this description of his apartment as the "apartment of the offender" unduly prejudiced him, since at this time Officer Govea could not have known the identity of the offender. Defendant posits that this testimony was inadmissible hearsay since it implies that Jackson made a statement to Officer Govea, identifying defendant as the perpetrator.

We initially note that defense counsel neither objected to this testimony at trial nor raised it as improper hearsay in a post-trial motion. Therefore, unless we find this admission to be plain error, it has been waived for purposes of appeal. *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.

The Illinois Supreme Court has held a police officer's testimony to be admissible where it is based on personal knowledge and investigating procedures. (*People v. Gacho* (1988), 122 Ill. 2d 221, 522 N.E.2d 1146.) *Gacho* factually parallels the instant case in that the testifying officer stated that following his conversation with the victim, he began to search for the defendant. The court held the testimony admissible despite the logical inference to be drawn therefrom "that the information received motivated the officers' subsequent conduct." *Gacho*, 122 Ill. 2d at 248.

Likewise, in this case, Officer Govea testified that he went to the defendant's apartment after conversing with Jackson. He never testified, nor was he asked about, the substance of his conversation with Jackson. While it is true that Officer Govea improperly described defendant's apartment as the "offender's apartment" at a time when he could not have known this to be true, this was not improper hearsay. Defense counsel should have objected to this description on some other basis, such as relevancy, since this was an improper description of defendant as "the offender." Nevertheless, we cannot hold, under the doctrine of plain error, that this admission so prejudiced defendant that absent this testimony the outcome of the trial would have altered.

■ Defendant also raises on appeal the prejudicial comments of the prosecutor during closing argument to the jury. Although defense counsel did not raise a contemporaneous objection to said arguments, defendant's post-trial motion did contain a generic allegation that the closing arguments of the prosecutor were "inflammatory." General averments of error, absent specific factual details supporting such an allegation, are insufficient to preserve the issue on appeal. (*People v. Phillips* (1989), 186 Ill. App. 3d 668, 542 N.E.2d 814; *People v. Pendelton* (1989), 185 Ill. App. 3d 768, 542 N.E.2d 386; *People v. David* (1986), 141 Ill. App. 3d 243, 489 N.E.2d 1124.) Moreover, the facts of this case are not so closely balanced and the specific comments not so egregiously prejudicial that we need consider this issue under the doctrine of plain error.

■ Finally, defendant contends that the trial judge improperly questioned him during the sentencing hearing, violating defendant's fifth amendment constitutional right to be free from compelled self-incrimination. This right to remain silent extends to sentencing hearings. *People v. Ward* (1986), 113 Ill. 2d 516, 499 N.E.2d 422.

After hearing arguments in aggravation and mitigation, the trial court asked defendant if he wished to make a statement on his own behalf to which he responded "No, sir." Defense counsel then indicated that his client wished to make a change or correction to the presentence investigation report. The trial judge then proceeded to read off a list of the facts in the report, asking defendant to verify their accuracy. In the course of this questioning, and after verifying the accuracy of the multiple convictions in the report, the judge commented: "You didn't learn much, did you?" Defendant then, on his own volition replied: "I didn't learn much."

While the trial judge may have improperly commented on defendant's lack of rehabilitation, the trial court never compelled defendant to make a self-incriminating statement. The trial judge never

asked defendant if he committed the crime or whether he felt remorse. Under these circumstances, we cannot find that defendant's constitutional right to be free from self-incrimination was violated.

For all of the foregoing reasons, the decision of the circuit court of Cook County is hereby affirmed in all respects.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.