THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLINT A. ENGLE, Defendant-Appellant.

Third District    Nos. 3—02—0575, 3—02—0576 cons.

Opinion filed July 15, 2004.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Clint A. Engle pleaded guilty to possession of a controlled substance (720 ILCS 570/402(c) (West 1998)) in circuit court case No. 99—CF—1619 and was sentenced to probation. His probation was subsequently revoked. While awaiting resentencing for the drug offense, defendant was charged with home invasion and aggravated battery (720 ILCS 5/12—11(a)(2), 12—3, 12—4(a) (West 2002)) in circuit court case No. 02—CF—115. A jury found defendant guilty of both charges. Following a consolidated sentencing hearing, the court imposed consecutive prison sentences of 2, 14 and 2 years, respectively, for the three offenses.

In this consolidated appeal, defendant contends that (1) the trial court improperly allowed the State to present rebuttal evidence; (2) an improper comment made during the prosecutor's closing argument deprived him of a fair trial; (3) his conviction of aggravated battery must be vacated; and (4) consecutive sentencing does not apply to the drug conviction. We vacate defendant's conviction and sentence for aggravated battery and otherwise affirm the trial court's judgment.

## FACTS

In case No. 99—CF—1619, defendant entered a negotiated guilty plea to unlawful possession of a controlled substance. He was sentenced to 24 months' probation and ordered to attend substance abuse counseling. Defendant subsequently admitted violating the terms of his probation, and on December 12, 2001, the court accepted the admission and granted the State's petition to revoke probation. Defendant remained free on a $50,000 personal recognizance bond until January 17, 2002, when he was taken into custody in case No. 02—CF—115. Resentencing in case No. 99—CF—1619 was subsequently delayed pending the trial in case No. 02—CF—115.

The State's evidence in the trial of case No. 02—CF—115 established that defendant lived with Nicole Dodd and her father, John Theres, at Dodd's marital home in Joliet for about six months pending Dodd's divorce. In December 2001, Dodd began dating another man, Ron Faust, and Theres ordered defendant to move out of the house. Dodd rented an apartment in nearby Crest Hill and was there with Faust the night of January 11, 2002. Around midnight, defendant broke into the apartment. He fought with Faust and punched Dodd. Dodd described the car defendant drove as a light blue Ford Taurus with a bashed-in fender.

Theres testified that he was alone and fell asleep on the living room couch of the Joliet residence around 11 p.m. on January 11. He was wakened a couple of hours later by a sharp blow to the side of his head. Theres believed he was being attacked with a golf club. He could not see his attacker and was trying to fend off further blows when he heard defendant say, "You are going to die tonight, m----- f-----, for not letting me see your daughter." Theres said he definitely recognized defendant's voice, and he was aware of only one person other than himself in the room.

To save his life, Theres stopped moving and absorbed more blows. When the beating stopped, Theres watched the assailant leave the room and proceed down a hallway toward the bedrooms. Despite the darkness, Theres could discern that the person was a male and built like defendant. Later, Theres peeked out the front window and saw a

man drive off in a light blue Ford Taurus, which he recognized as defendant's by the damaged front fender. Theres then discovered that the telephone line had been cut, so he drove himself to the emergency room of the hospital where wounds to his head were closed with staples.

On cross-examination, defense counsel asked Theres whether he had spoken with a Joliet police officer at the emergency room. Theres said he had. However, he said he had been given "stuff" when he entered the hospital and was unable to recall whether the policeman was named "Ponce" or whether he had told the officer that defendant repeatedly said, "Die, you son-of-a-bitch," during the beating. Counsel also asked whether Theres had told Joliet police detective Brian Lewis on January 15, 2002, that he recognized defendant as his attacker by his voice and his car. Theres said he had provided this information during the interview. He acknowledged, however, that he may not have told Lewis that he recognized defendant by his silhouette as he walked down the hall.

Following the State's case in chief, defendant called Officer Tom Ponce to the witness stand. Ponce testified that he visited Theres in the emergency room of the hospital in the early morning of January 12, 2002. At that time, Theres identified defendant as his assailant; however, he did not state that he recognized him by his voice. Ponce also stated that Theres told him defendant owned a blue Ford Taurus with a damaged front fender, but Ponce could not recall that Theres told him he saw defendant drive away in the vehicle after the assault.

Over defendant's objection, the State was permitted to introduce Detective Lewis in rebuttal. Lewis testified that on January 15, Theres stated that he recognized defendant's voice during the assault and that he saw him leave the premises in the damaged blue Ford Taurus.

Following closing arguments and instructions, the jury found defendant guilty, as charged.

At a consolidated sentencing hearing on July 23, 2002, the court resentenced defendant to a two-year prison term for the drug conviction in case No. 99—CF—1619. The court also imposed consecutive prison sentences of 14 and 2 years, respectively, for home invasion and aggravated battery in No. 02—CF—115 and ordered that those sentences be served consecutively to the sentence in No. 99—CF—1619. Defendant filed timely motions to reduce his sentences. The court denied the motions, and defendant appeals.

## ISSUES AND ANALYSIS

### 1. State's Rebuttal

Initially, defendant contends that the trial court abused its discre-

tion by allowing the State to introduce Detective Lewis's testimony in rebuttal. Defendant also argues that the testimony was inadmissible as a prior consistent statement, because its only purpose was to corroborate Theres' in-court testimony that he recognized defendant's voice during the attack and that he saw defendant's car leaving the scene. The State argues that the testimony was properly admitted both to rebut an implication of recent fabrication by the victim and as a prior consistent statement of identification.

### a. Rebuttal

Rebuttal evidence is evidence that explains, repels, contradicts or disproves evidence presented by the other party. *People v. Henney*, 334 Ill. App. 3d 175, 777 N.E.2d 484 (2002). Whether to admit rebuttal evidence is a matter within the sound discretion of the trial court; and, on review, the court's decision to admit rebuttal evidence will not be disturbed absent a clear abuse of discretion. *Henney*, 334 Ill. App. 3d 175, 777 N.E.2d 484. An abuse of discretion is shown only where the court's ruling is arbitrary, fanciful or unreasonable, such that no reasonable person would take the view adopted by the trial court. *People v. Donoho*, 204 Ill. 2d 159, 788 N.E.2d 707 (2003).

■ Here, we cannot say that no reasonable person would rule that Lewis's testimony rebutted Ponce's. Arguably, Ponce's testimony that Theres did not tell him that he recognized defendant by his voice and car on January 12 gave rise to an inference that Theres lacked a basis for believing that defendant was the assailant. Lewis's testimony with regard to Theres' statement of January 15 rebutted that inference. Accordingly, we find no abuse of the trial court's discretion in allowing the State to present Lewis's testimony in its rebuttal case. See *Henney*, 334 Ill. App. 3d 175, 777 N.E.2d 484.

### b. Prior Inconsistent Statement

Next, we consider defendant's contention that Lewis's testimony was inadmissible as a prior consistent statement, because it unfairly bolstered Theres' credibility.

Generally, evidence of a statement made by a witness out of court but consistent with his testimony is inadmissible hearsay. *People v. Smith*, 139 Ill. App. 3d 21, 486 N.E.2d 1347 (1985). Exceptions to this rule apply where the statement is introduced to rebut an inference that the witness's in-court testimony is of recent fabrication and where the statement is one of identification. *People v. Tisdel*, 201 Ill. 2d 210, 775 N.E.2d 921 (2002); 725 ILCS 5/115—12 (West 2002). By statute, the identification exception applies if a witness testifies that he previously identified the offender and the witness's veracity is tested on cross-examination. When these conditions are met, a third party's

testimony corroborating the witness's prior identification may be admitted into evidence. 725 ILCS 5/115—12 (West 2002).

The record indicates that the trial court allowed the State to introduce Lewis's testimony concerning Theres' prior consistent statement under the "recent fabrication" exception. Generally, an inference that a witness's in-court testimony is of recent fabrication arises from negative evidence that the witness did not speak of the matter at a time when it would have been natural for him to do so. See *Smith*, 139 Ill. App. 3d 21, 32-33, 486 N.E.2d 1347, 1354, citing *People v. Van-Zile*, 48 Ill. App. 3d 972, 363 N.E.2d 429 (1977).

In this case, Theres testified that he had been given "stuff" (presumably pain medication) when he entered the hospital and could not recall what he told the officer who interviewed him on that occasion. However, he recalled telling Lewis during another interview a few days later that he knew who the assailant was by his voice and car. Because there was affirmative evidence that Theres had spoken to the police about defendant's voice and car at a time when it was natural for him to do so, we do not believe that Lewis's testimony should have been admitted on the ground that it rebutted an inference that Theres' testimony was recently fabricated. See *Smith*, 139 Ill. App. 3d 21, 486 N.E.2d 1347.

Even though it appears that the trial court allowed the State to present rebuttal evidence for the wrong reason, we nevertheless find no reversible error. Lewis's testimony with regard to Theres' statement on January 15 was merely cumulative to testimony Theres gave on cross-examination, and it is not reasonably probable that the jury would have acquitted defendant absent the rebuttal testimony. See *People v. Quiroz*, 229 Ill. App. 3d 241, 593 N.E.2d 675 (1992).

Moreover, the testimony was clearly admissible under the statutory identification exception. In cross-examination, Theres testified that he identified defendant as the assailant by his voice and car shortly after the attack. Defendant had ample opportunity to cross-examine Theres with regard to this statement. After the State rested, defendant attempted to show in his case in chief that Theres did not immediately tell the police that his identification of defendant rested on hearing defendant's voice and seeing his car. The foundation for the statutory identification exception having been laid, Lewis's testimony would have been admissible in the State's rebuttal case to corroborate Theres' testimony and rehabilitate his credibility. See *People v. Beals*, 162 Ill. 2d 497, 643 N.E.2d 789 (1994); 725 ILCS 5/115—12 (West 2002). Accordingly, we hold that any error in the trial court's evidentiary ruling was harmless. See *People v. Fry*, 256 Ill. App. 3d 434, 628 N.E.2d 294 (1993) (trial court's allegedly erroneous

admission of hearsay deemed harmless error where statutory identification exception applied).

## 2. Closing Argument

■ Next, defendant argues that he was deprived of a fair trial by a comment made by the prosecutor during closing argument, which he claims improperly played on the sympathies and passions of the jurors. In his closing rebuttal comments, the prosecutor, responding to defense counsel's attack on Theres' believability, stated, "I am going to ask you for a moment to put yourself in his place when you judge the credibility of—." Defense counsel immediately objected, and the judge stated that she would instruct the jury as to the law. The prosecutor then abandoned the point and, instead, asked the jurors to review the evidence carefully and find defendant guilty as charged.

A prosecutor's allegedly improper remarks must be reviewed within the context of the entire closing arguments. *People v. Kliner*, 185 Ill. 2d 81, 705 N.E.2d 850 (1998); *People v. Wood*, 341 Ill. App. 3d 599, 793 N.E.2d 91 (2003). While it is improper for the prosecutor to ask jurors to identify with the victim, a jury's verdict will not be reversed on review unless the improper comment caused substantial prejudice to the defendant. *Wood*, 341 Ill. App. 3d 599, 793 N.E.2d 91.

Here, having considered the aborted remark in context, we cannot say that it was so inflammatory as to cause substantial prejudice to defendant. Accordingly, defendant is not entitled to a new trial.

## 3. Lesser Included Offense

■ Next, defendant contends that his conviction for aggravated battery must be reversed as a lesser included offense of home invasion. The State concedes the point.

Where two offenses are carved from the same physical act, one of which is "lesser included" in the sense that the charging instrument for the greater offense sets out the main outline of the lesser offense, the defendant's conviction and sentence for the lesser included offense must be vacated. *People v. Damico*, 309 Ill. App. 3d 203, 722 N.E.2d 194 (1999). The charging instrument in this case alleged both home invasion and aggravated battery based on defendant's act of striking Theres with an object and causing injury or great bodily harm to him. Accordingly, the lesser crime—aggravated battery—is a lesser included offense, and defendant's conviction and sentence for that offense must be vacated. See *Damico*, 309 Ill. App. 3d 203, 722 N.E.2d 194.

## 4. Consecutive Sentencing

■ Last, defendant contends that the trial court erroneously sentenced him to a consecutive prison term for unlawful possession of

a controlled substance. Consecutive sentencing is statutorily required when a person "admitted to bail" following conviction for a felony commits a separate felony while free on bond. 730 ILCS 5/5—8—4(i) (West 2002). Defendant takes the position that he was free "on his own recognizance" pending resentencing in case No. 99—CF—1619; therefore, since he had not posted security for his release, he was not "admitted to bail" for purposes of the consecutive sentencing statute.

Defendant's argument is novel, but unpersuasive. It has been held that the legislative intent of subsection 5—8—4(i) of the Unified Code of Corrections (730 ILCS 5/5—8—4(i) (West 2000)) is to punish persons "who abuse the privilege of being free on bond following a felony conviction by committing another felony offense during that time." *People v. Brown*, 182 Ill. App. 3d 491, 492-93, 538 N.E.2d 193, 194 (1989). Clearly, defendant was such a person. He was free on a $50,000 personal recognizance bond for a felony drug possession conviction when he committed home invasion and aggravated battery. Consistent with the purpose of subsection 5—8—4(i), the court was authorized to order that defendant's sentences for the later offenses be served consecutively to the sentence imposed on resentencing for the drug offense. See *Brown*, 182 Ill. App. 3d 491, 538 N.E.2d 193 (court ruled that consecutive sentencing under subsection 5—8—4(i) applied, even though defendant's bond was forfeited when he was sentenced *in absentia* the day before he committed a separate felony). Accordingly, defendant is not entitled to further sentencing relief.

## CONCLUSION

For the reasons stated, we affirm defendant's conviction and sentence for home invasion and his two-year, consecutive sentence for unlawful possession of a controlled substance. Defendant's conviction and sentence for aggravated battery are vacated.

Affirmed in part; vacated in part.

HOLDRIDGE, P.J., and O'BRIEN, J., concur.